IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL A. MALDONADO | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-00120 |
| | § | |
| CITIMORTGAGE, INC. | § | |

## ORIGINAL COUNTERCLAIM OF CITIMORTGAGE, INC.

Pursuant to Rule 97 of the Texas Rules of Civil Procedure and Texas Civil Practice & Remedies Code §16.069, Defendant and Counter-Plaintiff CitiMortgage, Inc. ("CitiMortgage") makes and files this its Original Counterclaim for the judicial foreclosure of the Property (as that term is defined below), and for this Counterclaim, CitiMortgage would show the Court as follows:

## PARTIES

1. CitiMortgage is the owner and holder of the Note (defined below) and the current beneficiary under the Security Instrument (defined below).

2. Plaintiff and Counter-Defendant Michael A. Maldonado ("Plaintiff") is the borrower on the Note and Security Instrument and is, on information and belief, an individual resident of Harris County, Texas who has appeared herein and who may be served with this Counterclaim by forwarding a copy of the Counterclaim to his counsel, B.J. Walter, Jr., 2716 Barton Creek Blvd., Suite 1422, Austin, Texas 78735.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this Court because the Counterclaim arises out of the same transaction and same occurrences which are the subjects of the Plaintiff's Original Petition (the "Petition") filed by Plaintiff, and venue is proper pursuant to Texas Civil Practice &

Remedies Code §15.011 because the Counterclaim involves real property located in Harris County, Texas.  This court has jurisdiction and venue for the reasons stated in CitiMortgage's Notice of Removal, of which are expressly incorporated herein.

## SUMMARY OF RELIEF REQUESTED

4. This suit involves a home equity loan (the "Loan") secured by certain real property located in Harris County, Texas, having a street address of 4036 Lanark Lane, Houston, Texas 77025 (the "Property") and more particularly described in the Texas Home Equity Security Instrument (Securing Extension of Credit made under Sec.50(a)(6), Article XVI, Texas Constitution) dated November 13, 2006, executed by Maldonado, as grantor, for the benefit of ABN AMRO Mortgage Group, Inc. (ABN AMRO) and its successors and assigns and recorded as instrument number 20060212386 along with a Correction Affidavit (correcting non-material typographical error in legal description pursuant to TPC 5.028) as instrument number 20140291987 in the Real Property Records of Harris County, Texas (the "Security Instrument"). The Loan and Security Instrument were transferred and assigned to CitiMortgage by way of merger with ABN AMRO.

5. The Loan is in default, has been accelerated and remains unpaid.

6. The Texas Constitution requires a court order to foreclose a home equity lien. Tex. Const. Art. XVI §50(a)(6)(D).  Pursuant to the Texas Constitution, CitiMortgage seeks a judgment for the judicial foreclosure of the Property.  Alternatively, CitiMortgage is entitled to an equitable subrogation lien to the extent of taxes and other amounts paid by CitiMortgage on behalf of Maldonado, and CitiMortgage seeks a judgment declaring CitiMortgage's entitlement to such lien and a judgment for the judicial foreclosure of such equitable subrogation lien against the Property.

## FACTUAL BACKGROUND

7. On or about November 13, 2006, Maldonado obtained the Loan from ABN AMRO. The Loan is evidenced by a Note dated November 13, 2006 pursuant to which Maldonado promised to pay to the order of ABN AMRO and its successors and assigns the original principal amount of $292,000.00 together with interest as provided therein (the "Note"). A true and correct copy of the Note is attached hereto as Exhibit "A" and is incorporated herein for all purposes.

8. As evidenced by the true and correct copy of the HUD-1 attached hereto as Exhibit "B" for all purposes, $244,817.83 in proceeds of the Loan were used to pay-off a pre-existing lien against the Property held by Option One Mortgage Corporation.

9. The obligations of Maldonado under the Loan and Note are secured by the Security Instrument. A true and correct copy of the Security Instrument is attached hereto as Exhibit "C" and is incorporated herein for all purposes.

10. ABN AMRO was merged into CitiMortgage, Inc. A true and correct copy of the merger documents are attached as Exhibit "D" and incorporated herein for all purposes. Further, ABN AMRO endorsed the Note to blank and it is a bearer instrument. Ex. A. Thus, CitiMortgage is the current owner and holder of the Loan and the current beneficiary under the Security Instrument.

11. Maldonado failed to pay when due certain installments of principal and interest in accordance with the terms of the Note, and as a result, Maldonado was provided with written notice of his default, an opportunity to cure, and notice that in the event that Maldonado failed to timely cure his default, the maturity of the Note would be accelerated and all outstanding principal and accrued but unpaid interest declared to be immediately due and payable.

Maldonado delayed collection efforts by requesting modifications and forbearance agreements but, ultimately, Maldonado failed to obtain same and/or cure his existing default.

12. Despite numerous notices and demands, Maldonado failed to cure his default, and as a result, the Loan was accelerated and demand made upon Maldonado to immediately pay all the outstanding principal and accrued but unpaid interest and other amounts then due and owing under the Note.

13. Demand has been made upon Maldonado. Notwithstanding such demand, Maldonado has failed and refused and continues to fail and refuse to pay the amounts due to CitiMortgage under the Note.

14. CitiMortgage, or its predecessors, advanced for taxes on behalf of Maldonado in the following amounts and on the following dates:

| Payment Date | Payment Amount |
| --- | --- |
| 10/01/2009 | 6,632.60 |
| 12/01/2010 | 8,063.51 |
| 12/01/2011 | 7,537.12 |
| 12/02/2012 | 7,476.87 |
| 12/12/2013 | 7,995.47 |
| 12/02/2014 | 8,853.12 |
| TOTAL | $46,558.69 |

15. At this time, after allowing all just and lawful offsets, payments, and credits, the remains due and owing under the Note as of February 3, 2015, the outstanding principal balance of $281,899.16, plus accrued and unpaid interest in the amount of $98,416.42, plus late charges and fees in the amount of $6,795.57, plus advances for taxes and other amounts in the amount of $95,454.80 for a total of $482,565.95 with interest continuing to accrue on the outstanding principal balance from and after February 3, 2015 at the current per diem rate of $52.13.

## CAUSES OF ACTION

### Judgment for Judicial Foreclosure of Security Instrument Lien

16. CitiMortgage is the current "mortgagee" as that term is defined in Texas Property Code §51.0001(4), and therefore, CitiMortgage is entitled to enforce the Security Instrument and to foreclose on the Property. In addition, CitiMortgage is the holder of the Note and a party entitled to enforce the Note.

17. The Loan is in default, the Note has been properly accelerated, and despite numerous notices and demands, the Note remains unpaid.

18. The Loan evidenced by the Note is secured by a lien created under Texas Constitution Article XVI §50(a)(6) evidenced by the Security Instrument, and CitiMortgage is entitled to foreclose on the Property subject only to a court order authorizing CitiMortgage to foreclose or to a judgment for judicial foreclosure.

19. Therefore, CitiMortgage requests that it be awarded (i) a judgment for the judicial foreclosure of the Property pursuant to Rule 309 of the Texas Rules of Civil Procedure and (ii) an order of sale directing any sheriff or constable within the state of Texas to seize and sell the Property under execution in satisfaction of the costs of sale, including the attorney fees incurred by CitiMortgage herein, and thereafter, the amounts due and to become due and owing under the Note.

20. CitiMortgage further requests that pursuant to Rule 310 of the Texas Rules of Civil Procedure, the sheriff or constable executing the order of sale proceed by virtue of such order to place the purchaser of the Property in possession thereof within thirty (30) days after the sale.

**Equitable Subrogation Lien and Foreclosure of Equitable Subrogation Lien**

21. Assuming <u>arguendo</u> that there is any issue regarding the validity or enforceability of the Security Instrument, which CitiMortgage denies, it cannot be disputed that $244,817.83 of the proceeds of the Loan were paid to satisfy a preexisting lien against the Property held by Option One Mortgage Corporation. In addition, property taxes in the aggregate amount of $46,558.69 have been paid by CitiMortgage on behalf of Maldonado.

22. Even assuming <u>arguendo</u> that there is any issue with regard to the validity and enforceability of the Security Instrument, CitiMortgage is entitled to a declaration that CitiMortgage holds and is entitled an equitable subrogation lien against the Property for the amount of $291,376.52 plus interest on the payments at the legal rate less payments received from Maldonado applied as of the date of the receipt. CitiMortgage seeks a judgment declaring that CitiMortgage holds a valid equitable subrogation lien against the Property for the amount of $291,376.52 plus interest on each of the advances at the rate of 6% per annum from the date of the advance through the date of the foreclosure requested herein (less only the payments made under the Loan). CitiMortgage further requests that it be awarded a judgment for the judicial foreclosure of its equitable subrogation lien and for an order of sale for such foreclosure.

**CONDITIONS PRECEDENT**

23. All conditions precedent to the relief requested by CitiMortgage herein have occurred or been performed.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant and Counter-Plaintiff CitiMortgage, Inc. requests that Maldonado be served with this Counterclaim as requested herein and that upon hearing, the Court enter (i) a judgment Counter-Defendant Michael A. Maldonado take nothing by way of his claims against CitiMortgage and that the Court enter (ii) a judgment

in favor of CitiMortgage for the judicial foreclosure of the Security Instrument lien against the Property and an order of sale as requested herein or alternatively, a decree that CitiMortgage is entitled to an equitable subrogation lien and a judgment for the judicial foreclosure of that lien. CitiMortgage requests that it be awarded such other and further relief both at law and in equity as to which it may show itself to be justly entitled.

    Respectfully submitted,

    WINSTEAD PC

    By:   /s/ Kyle R. Watson
          Kyle R. Watson *attorney in charge*
          State Bar No. 24047078
          Southern Dist. of Texas Bar No. 572417
          Nick E. Petree
          Southern Dist. of Texas Bar No. 1778181
          State Bar No. 24083657
          24 Waterway, Suite 500
          The Woodlands, Texas 77380
          281-681-5900 – Telephone
          281-681-5901 – Facsimile

    **ATTORNEYS FOR DEFENDANT CITIMORTGAGE, INC.**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served upon Plaintiffs in the manner listed below on the 3rd day of February, 2015 as follows:

B.J. Walter, Jr.
2716 Barton Creek Blvd.
Suite 1422
Austin, Texas 78735
**Served electronically
through CM/ECF
and/or CMRRR**

                                                                  By:    /s/ Kyle R. Watson
                                                                       Kyle R. Watson