United States District Court
Southern District of Texas
**ENTERED**
May 27, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL A. MALDONADO | § § § | |
| v. | § § | CIVIL ACTION NO. 4:15-CV-00120 |
| CITIMORTGAGE, INC. | § § | |

## FINAL JUDGMENT

On this date the Court considered the Motion for Summary Judgment and Consolidated Brief in Support ("Motion") filed by Defendant and Counter-Plaintiff CitiMortgage, Inc. ("CitiMortgage") with respect to all of the claims brought by Plaintiff and Counter-Defendant Michael A. Maldonado's ("Maldonado"), and on the counterclaims brought by CitiMortgage against Maldonado with regard to the Note and Security Instrument that are the basis of the dispute in this case. The Court, after considering the Motion and the summary judgment evidence, finds that the Motion is well taken and that the following order should be entered.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion is hereby GRANTED in its entirety.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all of Maldonado's claims against CitiMortgage are DISMISSED WITH PREJUDICE and that Maldonado take nothing by way of his claims against CitiMortgage.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the loan to Maldonado, as the borrower, from ABN AMRO Mortgage Group, Inc., as the lender ("ABN AMRO") in the original principal amount of $292,000 (the "Loan"), which is evidenced by the Texas Home Equity Note dated November 13, 2006 (the "Note") and secured by the Texas Home Equity Security Instrument (First Lien) dated November 13, 2006, and recorded as instrument number 20060212386 in the Real Property Records of Harris County, Texas (the "Security Instrument"), is valid and fully enforceable.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Security Instrument represents a valid lien against the real property located at 4036 Lanark Lane, Houston, Texas 77025 (the "Property"), which is further described as

> LOT 9, IN BLOCK 4 OF AYRSHIRE ADDITION, SECTION ONE (1), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT RECORDED IN VOLUME 22, PAGE 29 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Note and Security Instrument were transferred and assigned to CitiMortgage by way of a merger with ABN AMRO, and CitiMortgage is the current owner and holder of the Note and Security Instrument, the current beneficiary under the Security Instrument, and also the current mortgagee and mortgage servicer for the Note and Security Instrument.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Note was properly accelerated on July 21, 2014, following the service of all required notices, and all outstanding principal and accrued but unpaid interest declared to be immediately due and payable, and that Maldonado failed to pay those amounts.

IT IS FURTHER DECREED and the Court finds that after allowing all just and lawful offsets, payments, and credits, there remains due and owing under the Note as of January 29, 2016, the outstanding balance of $533,960.80, which includes outstanding principal of $281,899.16, accrued and unpaid interest of $117,214.34, escrow advances totaling $111,001.94, plus late charges and fees in the amount of $23,845.36, with interest continuing to accrue on the outstanding principal balance from and after January 29, 2016 at the current per diem rate of $52.1320, that all the foregoing amounts together with any interest accruing on the unpaid principal balance from and after January 29, 2016, and any advances for taxes or foreclosure expenses incurred by CitiMortgage, are secured by the lien against the Property evidenced by the Security Instrument, and that CitiMortgage is entitled to foreclose on the Property through the judgment for judicial foreclosure awarded below.

IT IS FURTHER ORDERED that CitiMortgage is hereby awarded a judgment for the judicial foreclosure for the Property with the proceeds of such

sale to be applied to the cost of sale and to the amounts now due and to become under the Note.

IT IS FURTHER ORDERED that CitiMortgage is entitled to an order for the sale of the Property to be issued to a United States Marshal directing such Marshal to sell the Property in the place provided for in § 2001(a) upon notice as provided for in 28 U.S.C. § 2002 with all proceeds from such sale to be applied to the cost of the sale and to the amounts now due and owing under the Note or which become due and owing under the Note prior to such sale including, but not limited to, the attorneys' fees incurred by CitiMortgage in prosecuting its counterclaim and the interest which continues to accrue on the outstanding principal balance on the Note.

IT IS FURTHER ORDERED that all costs of court incurred herein shall be taxed against the party incurring the same.

IT IS FURTHER ORDERED that all relief requested and not granted herein is expressly denied. This order disposes of all parties and claims and is a final appealable judgment.

SIGNED this **27** day of **May**, 2016.

_____
JUDGE PRESIDING